MEMORANDUM *
Providence Health Plan (Providence) appeals from the district court’s summary judgment in favor of Kelly Yox. After a seizure-induced fall fractured .her jaw, Yox’s group health plan (the Plan) covered the costs for initial surgeries. The Plan was funded and administered by Providence under the Employee Retirement Income Security Act of 1974 (ERISA), Yox sought, but was denied, preauthorization for additional trauma-related dental' services under the Plan, The district court held that Providence had abused its discretion in denying this preauthorization request and that Yox’s agreement to have her denial reviewed by an Independent Review Organization (IRO) did not constitute an agreement to arbitrate. On cross-appeal, Yox argues that the district court erred in finding that the scope of her claim was limited to Yox’s initial preauthorization request. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
1. We review de novo whether a party has waived the right to sue by agreeing to arbitration under the Federal Arbitration Act (FAA). See Nagrampa v. MailCoups, Inc., 469 F.3d 1267, 1267 (9th Cir. 2006). We look to state law to supply the meaning of the term “arbitration” for the purposes of the FAA. See Portland Gen. Elec. Co. v. U.S. Bank Tr. Nat’l Ass’n, 218 F.3d 1086, 1086, 1091 (9th Cir. 2000). Because Oregon law provides little guidance regarding whether the Plan’s IRO constitutes arbitration, see O.R.S, § 36.110(1), the district court was correct in relying on the Supreme Court’s analysis of a similar independent review statute. See Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 382-83, 122 S.Ct. 2151, 153 L.Ed,2d 375 (2002), In Rush, the Court analyzed an Illinois statute that, guaranteed patients, an independent and binding medical review of claims denied for not being “medically necessary.” Id. at 361, 122 S.Ct. 2151. The Court stated that the Illinois review process was “significantly different from common, arbitration” and looked “like a practice (having nothing to do with arbitration) of obtaining another medical opinion.” Id at 382-83, 122 S.Ct. 2151. The Oregon IRO is largely indistinguishable from the one addressed in Rush. Thus, the district court did not err in finding that the IRO at issue here, like the one analyzed in Rush, was not an arbitration enforceable under the FAA.
2. “[W]e reyiew a district court’s choice and application of the appropriate standard for reviewing benefits decisions by an ERISA plan administrator de novo.” Montour v. Hartford Life & Acc. Ins. Co., 588 F.3d 623, 629 (9th Cir. 2009) (internal quotation marks omitted). Where, as here, the plan administrator is granted discretionary authority to determine benefits eligibility and to construe plan terms, the *944 administrator’s decision is generally reviewed for abuse of discretion. Id. at 629-30; see also Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 971-72 (9th Cir. 2006) (en banc).
We will customarily uphold an administrator’s decision if it is “grounded on any reasonable basis.” Montour, 588 F.3d at 629 (internal quotation marks omitted). This deference is tempered where, as here, the" plan administrator has a structural conflict of interest, being the entity that both funds and administers the benefits plan. See Abatie, 458 F.3d at 965; Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666, 675 (9th Cir. 2011). Other case-specific factors heighten our judicial scrutiny of an administrator’s benefits decision, including procedural irregularities, the quality and quantity of the medical evidence, and the administrator’s reliance on a paper review of the claimant’s medical records. Abatie, 458 F.3d at 972; Montour, 588 F.3d at 630.
The district court did not err in holding that Providence abused its discretion. First, Providence did not follow important procedural requirements. Providence failed to adequately notify Yox of her right to bring a civil action under ERISA § 502(a). See 29 C.F.R. § 2560.503-l(g)(l)(iv) and (j)(4). Providence also failed to consult a professional with “appropriate training and experience in the field of medicine involved in the medical judgment.” See 29 C.F.R. § 2560.503-l(h)(3)(iii). Ignoring these regulations “contravenes the purpose of ERISA” and weighs in favor of finding an abuse of discretion. Abatie, 458 F.3d at 974.
Second, Providence did not meet its procedural obligations to Yox in assessing the substance of her claim. Providence continually asserted that Yox’s treatment was dental rather than medical, but provided no evidentiary basis for its decision beyond this conclusory statement. Although Yox failed to schedule the in-per-sori dental review Providence requested, Providence failed to consult with adequately trained professionals when analyzing Yox’s preauthorization request. See, e.g., Zavora v. Paul Revere Life Ins. Co., 145 F.3d 1118, 1122-23 (9th Cir. 1998). Moreover, Providence arbitrarily refused to address the clinical evaluation submitted by Yox’s treating dentist. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003). When Providence did address the evaluation provided by another dentist, it discounted the dentist’s opinion as “insufficient” without further explanation. Providence’s conclusory opinion does not satisfy its duty under ERISA. See Salomaa, 642 F.3d at 680 (“An administrator does not do its duty under the statute and regulations by saying merely ‘we are not persuaded’ or ‘your evidence is insufficient.’ ”).
Third, Providence’s structural conflict of interest appears to have played a role in its decision. Providence consistently failed to credit Yox’s reliable evidence, failed to consult with professionals adequately trained to assess Yox’s request, and failed to explain the evidentiary basis for its decision. See Abatie 458 F.3d at 968-69. Because of this manifest conflict of interest, we must view Providence’s decision with heightened skepticism; it is simply not enough for us to “scan[ ] the record for medical evidence supporting” Providence’s decision, even if such evidence exists. Montour, 588 F.3d at 630. The district court did not err in factoring Providence’s conflict of interest into its abuse of discretion analysis.
The district court correctly found that these procedural, substantive, and structural issues, although alone not dispositive, *945 together support a finding that Providence abused its discretion.
3. The district court properly held that the scope of Yox’s claim does not include the expanded services she requested after starting her internal appeal. Providence never had a chance for first review of the additional claim, because the appeals process addresses only the scope of the initial denial. That Providence did not change its appeals process to include Yox’s expanded claim is not arbitrary, nor does it conflict with the plain language of the Plan. See Schikore v. BankAmerica Supplemental Ret. Plan, 269 F.3d 956, 960 (9th Cir. 2001).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.